## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **CHEESE HOG MANUFACTURING, LLC,** | Case No. 1:23-CV-155 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **REDDYMADE LLC and ADAM LEWANDOWSKI,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Cheese Hog Manufacturing, LLC, ("Cheese Hog"), for its complaint against Defendants ReddyMade LLC ("ReddyMade") and Adam Lewandowski ("Lewandowski"), states as follows:

### THE PARTIES

1.     Cheese Hog is a domestic limited liability company organized and existing under the laws of Ohio, having its principal place of business at 743 Barg Salt Run Road, Cincinnati, OH 45244.

2.     Cheese Hog is informed and believes, and thereon alleges, that ReddyMade is a limited liability company organized and existing under the laws of the state of Illinois and that ReddyMade has a principal place of business at 201 N. Draper RD., McHenry, IL 60050-0000.

3.     Cheese Hog is informed and believes, and thereon alleges, that Lewandowski is the sole owner and managing member of the limited liability company, and is the statutory agent for receiving service of process, with an address listed of 201 N. Draper RD., McHenry, IL 60050-0000. Hereinafter, ReddyMade and Lewandowski shall be collectively referred to as "Defendants."

4.     Cheese Hog is informed and believes, and thereon alleges, that Defendants regularly conduct business in, and have committed the acts alleged herein, within this judicial district.

## JURISDICTION AND VENUE

5.     This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) trademark infringement arising under the common law of the State of Ohio, and (d) deceptive trade practices under Ohio Rev. Code § 4165.01 *et seq*.

6.     This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims in this complaint pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.     This Court has personal jurisdiction over Defendants under the Ohio long-arm statute, Ohio Rev. Code § 2307.382, at least because (i) Defendant, on information and belief, regularly does and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Ohio; and (ii) Cheese Hog's claims arise out of Defendants' (1) transacting business in Ohio, (2) causing tortious injury by acts in Ohio, and (3) causing tortious injury in Ohio.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)–(d).

## CHEESE HOG'S TRADEMARK RIGHTS

9.     Cheese Hog and its predecessor in interest are well-known and established manufacturers of high-quality machines for shredding cheese and have been in business for the past 37 years. Cheese Hog's most prominent and well-known machine is branded under the trademark PALAZZOLO'S CHEESE HOG, and is used to shred whole blocks of cheese in seconds. The Palazzolo's Cheese Hog branded machine weighs around 200 pounds, is proudly made in the USA, and is certified by both the UL (Underwriters Laboratories for equipment safety standards) and NSF (National Safety Foundation for safe food equipment).

10.     Cheese Hog has marketed and sold its high quality machines in connection with the Palazzolo's Cheese Hog mark in interstate commerce and use

its distinctive PALAZZOLO'S CHEESE HOG & Design logo in connection with the same, as pictured below ("the PALAZZOLO'S CHEESE HOG Mark"):



11.     The PALAZZOLO'S CHEESE HOG Mark is prominently used in direct connection with Cheese Hog's cheese shredding machines, as pictured below:



12.     Cheese Hog and its PALAZZOLO'S CHEESE HOG Mark branded machine have enjoyed substantial success and are protected by various intellectual property rights owned by Cheese Hog.

13.     For over 37 years, Cheese Hog and its predecessor in interest have invested considerable time and money in establishing the Cheese Hog brand and the

PALAZZOLO'S CHEESE HOG Mark in the minds of consumers as a source of high quality, reliable cheese shredding machines. As a result of Cheese Hog's substantial use and promotion of the PALAZZOLO'S CHEESE HOG Mark in connection with cheese grating machines and other products, the PALAZZOLO'S CHEESE HOG Mark has acquired great value as a specific identifier of Cheese Hog's products and serve to distinguish Cheese Hog's products from that of others.

14. Customers in this judicial district and elsewhere readily recognize the PALAZZOLO'S CHEESE HOG Mark as distinctive designations of origin of Cheese Hog's products. The PALAZZOLO'S CHEESE HOG Mark is an intellectual property assets of great value as a symbol of Cheese Hog's quality products and goodwill.

15. Cheese Hog is the owner of U.S. Trademark Registration No. 4,344,086 ("the '086 Registration") for the PALAZZOLO'S CHEESE HOG Mark.

16. The '086 Registration was filed with the U.S. Patent & Trademark Office on June 15, 2012 and registered on May 28, 2012.

17. The '086 Registration was filed in International Class 7 in connection with *Electric cheese slicers and shredders for commercial restaurant use*.

18. A true and correct copy of the certificate of registration of the '086 Registration is attached hereto as **Exhibit A.**

19. The '086 Registration is valid, subsisting, and in full force and effect.

20.     Cheese Hog's rights in the '086 Registration have become incontestable pursuant to 15 U.S.C. § 1065.

## DEFENDANTS' INFRINGEMENT

21.     Without permission or consent from Cheese Hog, Defendants are offering for sale, distributing, marketing, and/or selling cheese shredding machines under the Infringing Mark pictured below:



22.     Upon information and belief, Defendants, without Cheese Hog's permission, have sold cheese shredding machines under the Infringing Mark in this judicial district.

23.     Defendants filed a U.S. Trademark Application, U.S. Serial Number 90/860,780 on August 2, 2021 for "THE CHEESE HOG" with the U.S. Patent & Trademark Office (the "'780 Application").

24.     The '780 Application claimed that ReddyMade had used "THE CHEESE HOG" in connection with *cheese graters* "at least as early as 07/14/2021"

in interstate commerce and is now in use in such commerce, and provided a photograph of an operator's manual included with the cheese grater product when shipped to customers to evidence such use, as pictured below.



25. Lewandowski personally signed the trademark application as the "Manager" of ReddyMade.

26. Lewandowski directly participated in the infringing activity as he directly controlled, participated in, and was the moving force behind the infringing activity.

27.     In signing the trademark application, Lewandowski attested that he: "believes that the applicant is the owner of the trademark/service mark sought to be registered; The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application; The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and To the best of the signatory's knowledge and belief, the facts recited in the application are accurate."

28.     Lewandowski also personally attested that "[t]o the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive. To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support."

29.     Lewandowski also checked a box acknowledging the declaration's warning that "[t]he signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that

such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

30.     Upon information and belief, Defendants have sold cheese shredding machines under the name "The Cheese Hog" in its manual specification sheet, pictured below.



31.     Upon information and belief, ReddyMade used and distributed this specification sheet to a franchisee pizza chain located in Ohio.

9

32.     Defendants did not begin using the Infringing Mark in connection with cheese shredding machines until long after Cheese Hog began using PALAZZOLO'S CHEESE HOG Mark and not until well after the PALAZZOLO'S CHEESE HOG Mark was registered.

33.     On February 8, 2022, Cheese Hog contacted ReddyMade informing them of Cheese Hog's trademark rights and demanding that ReddyMade stop its trademark infringement. A true and correct copy of such email correspondence is attached hereto as **Exhibit B**.

34.     ReddyMade acknowledged Cheese Hog's rights and the goodwill and financial benefits to the same in the correspondence. Specifically, ReddyMade requested a license "of the original machine name" and stated that "[g]aining legal access to the original name would help us stay in front as Globe and other competitors build machines that I see as inferior." *See* Exhibit B.

35.     The correspondence implied that Cheese Hog had abandoned the PALAZZOLO'S CHEESE HOG Mark when its founder, Pete Palazzolo, retired in 2019. This is untrue. Cheese Hog has remained operational for 37 years and has continuously used the PALAZZOLO'S CHEESE HOG Mark since at least August 1, 2012, and has continuously intended to use the PALAZZOLO'S CHEESE HOG Mark in interstate commerce ever since.

36.    ReddyMade's '780 Application for THE CHEESE HOG was abandoned on November 15, 2022, after ReddyMade failed to respond to the Office Action issued on May 4, 2022.

37.    The Office Action issued on May 4, 2022 found ReddyMade's '780 Application for THE CHEESE HOG was likely to be confused with Cheese Hog's '086 Registration for the PALAZZOLO'S CHEESE HOG Mark.

38.    Cheese Hog is informed and believes, and on that basis alleges, that Defendants made references in various pizza industry chat forums about bringing back the Palazzolo's Cheese Hog.

39.    Cheese Hog is informed and believes, and on that basis alleges, that Defendants registered the domain name www.cheesegratershredder.net and cheesehog.net, which are confusingly similar Cheese Hog's website, www.cheesegratershredder.com and meant to draw Cheese Hog consumers to ReddyMade.

40.    Cheese Hog is informed and believes, and on that basis alleges, that Defendants utilized "Cheese Hog," "Cheese Hog Grater Shredder," and "Palazzolo" in its website search engine optimization ("SEO") in an attempt to draw Cheese Hog consumers to ReddyMade.

41.    Cheese Hog is informed and believes, and on that basis alleges, that Defendants' unauthorized use of THE CHEESE HOG is intended to trade upon the

goodwill and substantial recognition associated with for the PALAZZOLO'S CHEESE HOG Mark, Cheese Hog and its PALAZZOLO'S CHEESE HOG branded cheese shredding machines.

42.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants are using its Infringing Mark in an attempt to associate its cheese shredding machines and other products with Cheese Hog and the PALAZZOLO'S CHEESE HOG Mark, to cause mistake or deception as to the source of Defendants' machines and other products and/or to otherwise trade upon Cheese Hog's valuable reputation and customer goodwill in its marks.

43.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants' use of its Infringing Mark is designed to cause confusion, mistake, or deception.

44.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Cheese Hog's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Cheese Hog's and Defendants' goods, has caused actual confusion, and has otherwise competed unfairly with Cheese Hog by unlawfully trading on and using the PALAZZOLO'S CHEESE HOG Mark without Cheese Hog's permission or consent.

12

45.     At no time has Cheese Hog ever given Defendants license, permission, or authority to use or display the PALAZZOLO'S CHEESE HOG Mark in connection with any of Defendants' machinery and other products.

46.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Cheese Hog and its trademark rights to the PALAZZOLO'S CHEESE HOG Mark.

47.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

48.     Defendants' acts complained of herein have caused Cheese Hog to suffer irreparable injury to its business.  Cheese Hog will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114)

49.     Cheese Hog repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

50.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

51.     Defendants have used in commerce, without Cheese Hog's permission, reproductions, copies or colorable imitations of the PALAZZOLO'S CHEESE HOG

Mark in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendants' machines and other products.

52.     Without Cheese Hog's permission, Defendants are reproducing, copying, or colorably imitating the PALAZZOLO'S CHEESE HOG Mark and applying such reproductions, copies, or colorable imitations to merchandise, labels, signs, packages, receptacles or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising and/or promoting of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.



| Cheese Hog's Federally Protected PALAZZOLO'S CHEESE HOG Mark | ReddyMade's Infringing Mark |
|---|---|

53.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants' activities complained of herein constitute willful and intentional infringements of the PALAZZOLO'S CHEESE HOG Mark, and that Defendants

14

did so with the intent to unfairly compete against Cheese Hog, to trade upon Cheese Hog's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' machinery and other products are associated with, sponsored by, originated from, or are approved by Cheese Hog, when in truth and fact they are not.

54. On March 31, 2022, Cheese Hog informed ReddyMade by letter of its infringement and of Cheese Hog's ownership and prior use. Defendants thus had actual knowledge of Cheese Hog's ownership and prior use of the PALAZZOLO'S CHEESE HOG Mark, and, without the consent of Cheese Hog, Defendants have willfully infringed the PALAZZOLO'S CHEESE HOG Mark in violation of 15 U.S.C. § 1114.

55. Cheese Hog is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the PALAZZOLO'S CHEESE HOG Mark in an amount that is not presently known to Cheese Hog. By reason of Defendants' actions, constituting unauthorized use of the PALAZZOLO'S CHEESE HOG Mark, Cheese Hog has been damaged and is entitled to monetary relief in an amount to be determined at trial.

56. Due to Defendants' actions, constituting unauthorized use of the PALAZZOLO'S CHEESE HOG Mark, Cheese Hog has suffered and continues to

suffer great and irreparable injury, for which Cheese Hog has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
**(Federal Unfair Competition & False Designation of Origin)**
**(U.S.C. § 1125(a))**

57.     Cheese Hog repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

58.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

59.     Without Cheese Hog's consent, Defendants have created and will create a false designation of origin by using in commerce the PALAZZOLO'S CHEESE HOG Mark and/or other marks confusingly similar to the PALAZZOLO'S CHEESE HOG Mark and using similar websites domain names in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Defendants' cheese shredding machines, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with Cheese Hog or to suggest Cheese Hog as the origin of the goods and/or services, or that Cheese Hog has sponsored or approved Defendants' commercial activities.

60.     Cheese Hog is informed and believes, and on that basis alleges, that Defendants acted with the intent to unfairly compete against Cheese Hog, to trade upon Cheese Hog's reputation and goodwill by causing confusion and mistake

among customers and the public, and to deceive the public into believing that Defendants' machinery products are associated with, sponsored by or approved by Cheese Hog, when they are not.

61.     Defendants had knowledge of Cheese Hog's ownership and prior use of PALAZZOLO'S CHEESE HOG Mark, and without the consent of Cheese Hog, has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

62.     Cheese Hog is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin in an amount that is not presently known to Cheese Hog.  By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Cheese Hog has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.     Due to Defendants' actions, constituting false designation of origin, Cheese Hog has suffered and continues to suffer great and irreparable injury, for which Cheese Hog has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Ohio Common Law Trademark Infringement)

64.     Cheese Hog repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

65.     This is a claim for trademark infringement, arising under Ohio common law.

66.     Defendants' acts complained of herein constitute trademark infringement under Ohio common law.  Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the PALAZZOLO'S CHEESE HOG Mark causes a likelihood of confusion.

67.     Cheese Hog is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Cheese Hog.  By reason of Defendants' wrongful acts as alleged in this complaint, Cheese Hog has been damaged and is entitled to monetary relief in an amount to be determined at trial.  The full extent of Cheese Hog's damages is currently unknown, but exceeds $75,000.

68.     Due to Defendants' trademark infringement, Cheese Hog has suffered and continues to suffer great and irreparable injury for which Cheese Hog has no adequate remedy at law.

69.     Defendants' willful acts of trademark infringement under Ohio common law constitute fraud, oppression, and malice.  Accordingly, Cheese Hog is entitled to exemplary damages.

## FOURTH CLAIM FOR RELIEF
### (Ohio Deceptive Trade Practices)
### (Ohio Rev. Code § 4165.01 et seq.)

70.     Cheese Hog repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

71.     The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 *et seq.*, prohibits, among other things, businesses from "[r]epresent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."

72.     In selling, describing, and representing the infringing machinery, Defendants falsely represented and intended to represent an affiliation, connection, and association with Cheese Hog.

73.     Defendants' conduct actually deceived and is still deceiving a substantial segment of the customers and potential customers.

74.     Defendants' false and misleading statements have the tendency to deceive a substantial segment of their audiences.

75.     At least some of Defendants' sales and misrepresentations occurred within the State of Ohio.

76.     Cheese Hog has been damaged as a result of Defendants' misconduct. The full extent of Cheese Hog's damages is currently unknown, but exceeds $75,000.

77.     Cheese Hog is entitled to injunctive relief under Ohio Rev. Code § 4165.03 and will be irreparably harmed unless Defendants' infringing activities are enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Cheese Hog prays for judgment in its favor against Defendants for the following relief:

1.     That the PALAZZOLO'S CHEESE HOG Mark be deemed valid and willfully infringed by Defendants in violation of 15 U.S.C. § 1114, et seq.;

2.     A preliminary and permanent injunction against Defendants and ReddyMade's officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

        a.     using to market, advertise, promote, sell, offer for sale, and/or identify Defendants' goods with the PALAZZOLO'S CHEESE HOG Mark or any mark that is confusingly similar to the PALAZZOLO'S CHEESE HOG

Mark or is likely to create the erroneous impression that Defendants' goods or services originate from Cheese Hog, are endorsed by Cheese Hog, or are connected in any way with Cheese Hog;

      b.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any machinery products bearing any of the PALAZZOLO'S CHEESE HOG Mark and/or any confusingly similar marks;

      c.    otherwise infringing the PALAZZOLO'S CHEESE HOG Mark and/or any of Cheese Hog's other trademarks;

      d.    falsely designating the origin of Defendants' goods;

      e.    unfairly competing with Cheese Hog in any manner; or

      f.    causing a likelihood of confusion or injuries to Cheese Hog's business reputation;

3.    That Defendants be directed to file with this Court and serve on Cheese Hog within thirty days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

4.    That, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions, this Court award to Cheese Hog all

reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

5.     That Defendants be required to account for and disgorge any and all profits derived by its acts of trademark infringement, false designation of origin, and unfair competition complained of in this complaint;

6.     That Cheese Hog be awarded damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Defendants' profits, damages sustained by Cheese Hog and the costs of the action, together with prejudgment and post-judgment interest;

7.     That Defendants' acts of trademark infringement, false designation of origin, and unfair competition complained of in this complaint be deemed willful, and that Cheese Hog be entitled to enhanced damages;

8.     That Defendants be adjudged to have willfully and maliciously infringed the PALAZZOLO'S CHEESE HOG Mark in violation of Cheese Hog's common law rights under Ohio common law;

9.     That Defendants be adjudged to have violated the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et seq.;

10.     That Defendants be adjudged to have competed unfairly with Cheese Hog under the common law of the State of Ohio;

11.     That an accounting be ordered to determine Defendants' profits resulting from its infringement, unfair competition, and false designation of origin, and that Cheese Hog be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

a.     all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

b.     all damages sustained by Cheese Hog as a result of Defendants' acts of infringement, unfair competition, false designation of origin, and that such damages be trebled; and

c.     punitive damages stemming from Defendants' willful, intentional, and malicious acts.

12.     That such damages and profits be trebled and awarded to Cheese Hog pursuant to 15 U.S.C. § 1117;

13.     That Cheese Hog recover exemplary damages;

14.     That Cheese Hog have and recover the costs of this civil action, including reasonable attorneys' fees;

15.     An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

16.     Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff Cheese Hog demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/Ashley J. Earle
Ashley J. Earle (0093664)
*Trial Attorney*
Vance V. VanDrake (0079230)
John F. Bennett (0074506)

Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: (513) 698-5000
Facsimile: (513) 698-5153
aearle@ulmer.com
vvandrake@ulmer.com
jbennett@ulmer.com

ATTORNEYS FOR PLAINTIFF
CHEESE HOG MANUFACTURING, LLC